IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES H. TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> HARRY B. BAILEY, III, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:06-CV-1729-TWT |

ORDER

This is a *pro se* action against a lawyer and his firm in connection with their handling of a personal injury claim. It is before the Court on the Defendants' Motion to Dismiss [Doc. 8]. For the reasons set forth below, the Defendants' motion is GRANTED.

I. BACKGROUND

The Plaintiff, James H. Taylor, was injured on May 17, 2001, while working for C.S.X. Transportation. In the settlement negotiations with his employer, the Plaintiff was represented by the Defendants, Harry B. Bailey III and his law firm–Jones & Granger. The Defendants contend that they settled this claim for $115,000.00 and, after subtracting from that sum the previously agreed upon amount

for attorney's fees and other expenses and advances, they forwarded to the Plaintiff the remainder of the settlement, $70,082.83.

The Plaintiff claims that the Defendants failed to investigate his claim and received more money for his injuries than was disclosed to him. On June 8, 2006, he filed this complaint, alleging violations under the following provisions: (1) 29 U.S.C. § 626; (2) 28 U.S.C. § 1927; (3) 31 U.S.C. §§ 3729 and 3730; and (4) a state law fraud claim.  The Defendants move to dismiss these claims.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

III. DISCUSSION

A. Service of Process

The record demonstrates that the Plaintiff has failed to comply with the service requirements of Rule 4 of Federal Rules of Civil Procedure. Although courts have afforded *pro se* litigants some leniency in construing pleadings, pro se litigants are required to comply with procedural rules. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). Therefore, the Court will hold the Plaintiff to the service of process requirements in Rule 4 of the Federal Rules of Civil Procedure. See DiCesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1993) ("A *pro se* litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4.").

The Plaintiff's attempt at serving the Defendants was inadequate for several reasons. First, he attempted to serve them by certified mail at Bailey's place of business. Under Federal and Georgia law, there is no provision for service of process on an individual by certified mail. Unless they waive service, individual defendants must be served either personally or by serving some person of suitable age and

discretion at the defendant's dwelling house or usual place of abode. See Fed. R. Civ. P. 4(h)(1); O.C.G.A. § 9-11-4(e)(7). Certified mail is also inadequate service for a non-resident corporate defendant such as Jones & Granger that has not waived service. See Fed. R. Civ. P. 4(h); O.C.G.A. § 9-11-4(e)(1). Moreover, to be appropriate, process must consist of (1) a summons and (2) a copy of the complaint. See Fed. R. Civ. P. 4(c)(1). Here, the Plaintiff's service failed to include a summons. For these reasons, the Plaintiff's complaint must be dismissed.

   B. Federal Claims

Even if the complaint had been properly served, the Court finds that the Plaintiff's federal claims still warrant dismissal. The Plaintiff first alleges a violation under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq*. This claim is without merit. The ADEA specifically applies only to the employer-employee relationship. See 29 U.S.C. § 623(a). There is no allegation that the Plaintiff was at any time employed by the Defendants. This statute is clearly inapplicable.

The Plaintiff next cites 28 U.S.C. § 1927. Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. This statute plainly applies only to attorney conduct during the course of litigation. Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003) (stating that Section 1927 "was designed to sanction attorneys who willfully abuse the judicial process by conduct tantamount to bad faith") (punctuation omitted). The Plaintiff makes no allegation against the Defendants concerning their conduct during this case. It is the Defendants' conduct during the settlement of his injury claim with which the Plaintiff takes issue. This provision thus provides no relief.

Finally, the Plaintiff makes two claims under the False Claims Act, which provides for liability against persons who submit false claims to the United States Government. See 31 U.S.C. § 3729(a). The Plaintiff does not, nor could he rightfully, allege the involvement of the United States Government in this matter. Accordingly, he does not have a claim under the False Claims Act. Accordingly, all of these claims must be dismissed.

### C. Fraud

The Plaintiff also makes a claim for fraud. (Compl., ¶ 5.) The Federal Rules of Civil Procedure require that such a claim be pled with particularity. See Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions

were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Garfield v. NDC Health Corp., __F. 3d __, 2006 WL 2883238, at *3 (11th Cir. 2006) (citations and punctuation omitted).  The Plaintiff fails to satisfy any of these requirements.  The complaint states only that Bailey did not review or investigate his accident and that Bailey received $300,000 for the Plaintiff's injuries. (Compl., ¶ 5.) The Plaintiff does not specify when any allegedly fraudulent statements were made, much less explain why he believes they were fraudulent.  This claim thus warrants dismissal.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 8] is GRANTED.  The fraud claim is dismissed without prejudice.

SO ORDERED, this 30 day of October, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge